# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8873 | DATE | Sept. 20, 2004 |
| CASE TITLE | Craig Armstrong | v | Kim Bigley, et al |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MOTION:

DOJune 14, 2004CKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing set for
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Memorandum opinion and order entered. Accordingly, defendants' motion to transfer to the Southern District of Illinois is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | SEP 2 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 28 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | |
| GDS | courtroom deputy's initials | 2004 SEP 20 PM 1:08 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

SEP 2 1 2004

CRAIG ARMSTRONG,  )
                  )
    Plaintiff,    )
                  )   No. 03 C 8873
v.                )
                  )   Judge Robert W. Gettleman
KIM BIGLEY, LORETTA BROWN, SUE )
POWELL, SHARON KLUGE, JIM UTLEY, and )
KENNETH R. BRILEY, as individuals and not in )
their official capacity, )
                  )
    Defendants.   )

## MEMORANDUM OPINION AND ORDER

Plaintiff Craig Armstrong filed a one-count second amended complaint against defendants Kim Bigley ("Bigley"), Loretta Brown ("Brown"), Sue Powell ("Powell"), Sharon Kluge ("Kluge"), Jim Utley ("Utley"), and Kenneth Briley ("Briley") pursuant to 42 U.S.C. § 1983, claiming violation of his civil rights in connection with his alleged wrongful incarceration at the Stateville Correctional Facility in Joliet, Illinois ("Stateville"), and Shawnee Correctional Center in Vienna, Illinois ("Shawnee"). Defendants have moved to transfer venue to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion to transfer is denied.

## BACKGROUND

Plaintiff is an African American residing in Cook County and was previously incarcerated at both Stateville and Shawnee. On June 8, 2001, plaintiff was convicted of possession and delivery of a controlled substance. He received an eight-year sentence of incarceration with credit for time served, followed by a one-year term of mandatory supervised release. On

December 20, 2002, the Illinois Appellate Court for the First Judicial District reduced plaintiff's sentence to a term of seven years. During plaintiff's incarceration, he acquired meritorious good conduct credit of six months and earned statutory good conduct credit on a "day-for-day" basis.

Plaintiff alleges that, in light of his meritorious and statutory good conduct credit, his prison term should have expired on August 5, 2002. Plaintiff was not released until 141 days later on December 24, 2002, which marked the commencement of his period of supervised release (also subject to a day-for-day good conduct reduction). According to plaintiff, his one-year period of mandatory supervised release should have commenced, at the latest, on August 5, 2002, the date his term of imprisonment should have expired. He further alleges that during the 141 days he was wrongfully imprisoned, plaintiff accumulated day-for-day good conduct credit towards his term of mandatory supervised release. Under this theory, the plaintiff's term of mandatory supervised release should have commenced 141 days prior to August 5, 2002, or, on March 17, 2002.

During his period of mandatory supervised release plaintiff was placed on electronic detention. He now claims that electronic detention was not authorized by the term of his sentence or by Illinois law. On July 1, 2003, due to an "emergency medical condition," plaintiff underwent surgery at Westlake Community Hospital in Cook County, Illinois, during the hours of 2:30 p.m. to 9:30 p.m. Plaintiff's wife and the nurses at the hospital allegedly contacted the Automated Monitoring Service of the Illinois Department of Corrections and notified corrections officers of plaintiff's whereabouts and the nature of his condition.

Two days later, on July 3, 2003, plaintiff was arrested at his home in Cook County, Illinois and taken to the Stateville facility for violating the terms of his mandatory supervised

release. Defendant Brown, plaintiff's parole officer, reported that plaintiff had missed a counseling session scheduled for July 1, 2003 (the day of his surgery), and that he had failed a drug test between the hours of 4:30 p.m. and 6:30 p.m. that same day.

Plaintiff now argues that had his term of mandatory supervised release been properly calculated, he would not have been subject to re-incarceration in July 2003, because his mandatory supervised release term would have expired on March 17, 2003, in light of his accumulated day-for-day good conduct credit. Even without recognizing the good conduct credit plaintiff accumulated towards his mandatory supervised release during the 141 days of wrongful incarceration, plaintiff asserts his re-incarceration should have been for a period of only 71 days, or until August 5, 2003.

According to plaintiff, his wrongful incarceration resulted from defendants' failure and refusal to calculate his sentence properly and release him in accordance with the appellate court's order. Plaintiff further claims that he was provided with no or inadequate due process regarding his sentence calculations and the alleged violation of his supervised release. Such conduct, plaintiff argues, was undertaken by defendants in an attempt to deprive him of his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments.

Defendants have moved to transfer venue pursuant to 28 U.S.C. § 1404(a), arguing that the Southern District of Illinois is the more convenient forum because the majority of defendants reside there and because defendants calculated plaintiff's sentence there.

3

## DISCUSSION

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to Section 1404(a) a court may transfer a civil action to another district when: (1) venue is proper in both the transferor and transferee courts; (2) transfer serves the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The decision to transfer stems from the sound discretion of the trial judge where the task of weighing factors for and against transfer "necessarily involves a large degree of subtlety and latitude." *Id.* As the moving parties, defendants must show that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Financial, Inc., v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (Citing *Coffey*, 796 F.2d at 219-220). Further, defendants must show that a transfer will promote the efficient administration of justice, rather than shift the inconvenience from one party to the other. *See, Black v. Mitsubishi Motors Credit of America, Inc.*, 1994 U.S. Dist. LEXIS 11158, 1994 WL 424112 at *2 (N.D. Ill. Aug. 10, 1994).

Defendants do not dispute that venue is proper in the Northern District of Illinois, the proposed transferor court. The parties agree that venue is also proper in the proposed transferee court, the Southern District of Illinois. Therefore, the court has the power to transfer the case if to do so is in the interest of justice and for the convenience of parties and witnesses. In evaluating the convenience and fairness of a transfer, the court considers relevant private and public interests. The private interests include: (1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) the availability of compulsory

4

process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their ability to bear the expense of litigation in a particular forum. *Georgouses v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997).

A plaintiff's choice of forum is entitled to substantial weight, particularly when it is also his home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N. D. Ill. 1995). Unless the balance weighs strongly in the defendant's favor, a plaintiff's choice of forum should rarely be disturbed. *Id.* (citations omitted). A plaintiff's choice is not, however, conclusive and can be overcome if defendants show that, "the inconvenience to the parties and witnesses and the dictates of justice are substantial enough to overcome the presumption in favor of [the plaintiff's home forum]." *FUL Inc. v. Unified School Dist. Number 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993). Further, "the weight given to the plaintiff's choice of forum is lessened if the chosen forum shares relatively weak connections with the operative facts giving rise to the claim." *Von Holdt v. Husky Injection Molding Systems, Limited*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Thus, the court must consider the situs of material events to determine how much weight to assign to plaintiff's choice of forum.

In the instant case, defendants argue that the matter is more properly brought in the Southern District of Illinois where the main injury, the calculations of plaintiff's sentence, took place. On the other hand, plaintiff was convicted and sentenced to his term of imprisonment in the Northern District before the state sent him to serve his sentence at the Vienna facility. Upon release, plaintiff returned to his residence in the Northern District, where he reported to his probation officer, defendant Brown, and where he began his period of mandatory supervised

release. Moreover, a large part of plaintiff's claim rests on his wrongful re-incarceration after Brown reported plaintiff's alleged violation of the mandatory supervised release conditions. Therefore, many of the crucial events giving rise to plaintiff's claim occurred in the Northern District, plaintiff's home forum and plaintiff's choice of forum. Accordingly, the court will assign substantial weight to plaintiff's choice of forum.

The next factor, ease of access to sources of proof, favors neither party. Although the Vienna facility produced the documents reflecting calculations of plaintiff's prison term, these relatively few documents are easily transported to the Northern District. Also, defendants do not allege any inconvenience arising from accessibility to sources of proof.

The availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of witnesses also favors neither party. Defendants do not argue any inconvenience involving this factor, and the proposed transferor forum is located in the same state as the proposed transferee forum.

Defendants' argument in favor of transfer rests heavily on the last private factor, convenience to the parties, because most of the defendants are current or former employees of the Shawnee facility and reside in the Southern District. As plaintiff asserts in his response, however, defendants Kluge and Powell are the only two defendants still employed at the Shawnee facility and known to reside in the Southern District. Defendant Bigley is deceased and the location of defendant Utley remains unknown. The parole officer defendant, Brown, works and resides in the Northern District. Moreover, if any party to this litigation can claim a financial disadvantage, it is not the defendants. Finally, plaintiff's damages will no doubt be proved by

6

evidence centered in this district. Accordingly, the court concludes that the private interest factors weigh against transfer.

In addition to the private interest factors, the court must also consider certain public interest factors that may warrant transfer: (1) the relationship of the community to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects of an earlier trial. See *Hughes v. Cargill, Inc.*, 1994 U.S. Dist. LEXIS 4827, 1994 WL 142994 at *2 (N.D. Ill. April 14, 1994). The first factor does not favor transfer. Although plaintiff's claims revolve around events occurring in both the Northern and Southern Districts, plaintiff resides in the Northern District, it is where he was convicted and sentenced to his term of imprisonment, where he served his period of mandatory supervised release, and where his allegedly wrongful absence was most perceived. The Northern District thus has a stronger relationship to the instant dispute because it is the situs of the more meaningful events. It follows that local interests favor resolution of the dispute in the Northern District.

The latter two public interest factors appear relatively neutral. This court is as familiar with the laws applicable to claims brought pursuant to Section 1983 as is the Southern District. Also, no substantial disparity exists between the two forums relating to the issues of docket congestion and availability of earlier trial dates. (See www.uscourts.gov/cgi-bin/cmsd2003.pl.)

Consideration of the foregoing public and private interests convinces this court that defendants have failed to meet their burden of showing that the proposed transferee forum is clearly more convenient. Accordingly, this court upholds plaintiff's choice of forum and denies defendants' motion to transfer.

## CONCLUSION

For the reasons set forth above, defendants' motion to transfer to the Southern District of Illinois is denied.

**ENTER:** September 20, 2004

Robert W. Gettleman
United States District Judge